# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER R. MOUNTAIN, ) | |
| ) | Civil Action No. 15 - 322 |
| Plaintiff, ) | |
| ) | District Judge Mark R. Hornak |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| ORLANDO HARPER, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute as he has failed to submit an amended complaint as ordered by this Court on May 11, 2015.

**II.    REPORT**

Plaintiff initiated this action by the filing of a Motion for Leave to Proceed *in forma papueris*, which was granted on March 11, 2015. Plaintiff's one page Complaint alleges only that he was overdetained for approximately thirteen (13) hours after he was released from the Allegheny County Jail sometime in August 2014 and that he did not receive his necklace back that was taken from him upon intake. Because Plaintiff provided no factual allegations to support his claims, and the Complaint lacked reference to any individuals, dates, times or places, he was ordered to file an amended complaint that was in compliance with the Court's instructions in its Order dated May 11, 2015. Plaintiff was to submit his amended complaint no

later than May 25, 2015 and he was informed that the failure to do so would result in the undersigned's recommendation that this action be dismissed for his failure to prosecute. As of today, no amended complaint has been received.

A district court has inherent power to dismiss an action, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the Order of Court dated May 11, 2015 directing him to file an amended complaint. The responsibility for his failure to comply with the Order is Plaintiff's alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, the Complaint has not yet been served so the Defendant has suffered no prejudice. However, Defendant will suffer prejudice if Plaintiff does not set forth specific allegations to which defendant can respond and also, if his delay makes it difficult for Defendant to investigate the incident and obtain the facts necessary to prepare a defense.

3. A history of dilatoriness.

It does not appear that Plaintiff has a history of dilatoriness other than the one instance at issue here. However, it has been ten days since Plaintiff's amended complaint was due. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

4. Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. Alternative sanctions.

Plaintiff is proceeding *in forma pauperis* so it is likely that any sanction imposing costs or fees upon him would be ineffective.

6. Meritorious of the claim or defense.

Because the Complaint is woefully insufficient, it is impossible to determine whether Plaintiff's claims have merit.

To summarize, the majority of the Poulis factors weigh in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute insofar as he has failed to submit an amended complaint as ordered by this Court on May 11, 2015.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: June 4, 2015.

                                                Lisa Pupo Lenihan
                                                United States Magistrate Judge

cc: Lester R. Mountain
     632 12th Street
     Pitcairn, PA 15140